Nash, 0. J.
 

 The case as now presented to ris differs from the one formerly here, in one particular only. The witness,. Panning, upon that occasion, stated that the declaration of William Pinner, as to his gift of the land to the defendant, was made about a month before his death, and consequently after his marriage with the plaintiff. See the case in Busbee 475. In the present case the defendant offered to prove the same declarations made before his marriage, which were ruled out by the Gourt. In the former case, this Court decided that the evidence of Banning, of declarations of the husband made at the time of the delivery of the deed, was competent as part of the
 
 res gestae,
 
 but that no declarations then made of what he had done at a prior period, as to the making of a title to the defendants were admissible. The reason assigned was, that the widow claims her right of dower, not under her husband, but under the law. If the reason assigned by the Court for its decision be correct, then it makes no difference at what time the husband’s declarations were made as to the prior delivery ; they cannot affect his widow, as she does not claim under him. Her claim to dower is above and beyond him ; and so sedulously does the law guard her right, that it makes void all conveyances made by the husband with the fraudulent intent to deprive her of her dower, and places her dower beyond the reach of her husband’s creditors.
 

 Pee CueiaM. His Honor committed no error in rejecting the evidence. Judgment affirmed and this opinion will be certified.